SILBERMAN, Senior Circuit Judge,
concurring:
It is not apparent to me why both my colleagues found it necessary to author opinions in this case. There is, to be sure, a perceptible difference in their stated views as to our scope of review of the Federal Tort Claims Act. Judge Henderson emphasizes that as a statute waiving sovereign immunity it should be strictly construed against a plaintiff, whereas Judge Rogers justifiably points to Smith v. United States, 507 U.S. 197, 113 S.Ct. 1178, 122 L.Ed.2d 548 (1993). There the Supreme Court, in an opinion by the Chief Justice, specifically addressing the construction of the FTCA, adopted a more neutral standard of review. Id. at 203, 113 S.Ct. 1178 (quoting United States v. Kubrick, 444 U.S. 111, 117-18, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)). Still, Judge Henderson cites Smith (although in the wrong place), and, amusingly, the Chief Justice himself in a subsequent case, Department of the Army v. Blue Fox, Inc., 525 U.S. 255, 261, 119 S.Ct. 687, 142 L.Ed.2d 718 (1999), on which Judge Henderson relies, repeated the standard sovereign immunity strict construction maxim and cited FTCÁ cases.
The question is not totally academic because some of the statutory language we are interpreting (“money damages ... for injury or loss of property, or personal injury or death.... ” 28 U.S.C. 1346(b)) is rather awkward, even ambiguous, but both judges (as do I) reject the government’s strained interpretation as excluding attorney’s fees from the definition of injury or loss of property so I do not see any difference in their actual approaches.
Nor do I detect any differences between my colleagues as to their understanding of the respective spheres of Federal and state law. Therefore I do not understand why, in the interest of collegiality, one opinion could not have been fashioned. Perhaps the problem stems from my colleagues’ writing style. See generally Richard A. Posner, Judges’ Writing Styles (And Do They Matter?), 62 U. Chi. L. Rev. 1421 (1995).